IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | No. 14-96 |
| | : | |
| BLAIR THOMAS, JR. | : | |

**McHUGH, J.**                                                                                          **April 6, 2021**

### MEMORANDUM

Petitioner Blair Thomas, Jr. is currently serving a lengthy sentence, pursuant to his convictions for attempted postal robbery, bank robbery, using and carrying a firearm during a crime of violence, and being a felon in possession of a firearm.[1] *See* ECF No. 145. On October 31, 2018, Mr. Thomas filed a *pro se* petition under 28 U.S.C. § 2255, claiming, among other arguments, that his conviction for attempted postal robbery was wrongfully used as a predicate "crime of violence" for a conviction under 18 U.S.C. § 924(c). *See* ECF No. 160. I declined to address this contention because Petitioner had unsuccessfully appealed the same issue before the Third Circuit and was therefore barred from raising it on collateral review. *See* ECF No. 166.

Following my denial of Petitioner's first motion, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that an offense will only qualify as a "crime of violence" if it has "as an element[,] the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); 139 S. Ct. at 2327–31 (invalidating the "residual clause" of § 924(c)(3)(B)). *Davis* further clarified that courts must use the categorical approach in making this determination. *Id. See also United States v. Walker*, 990 F.3d 316, 324 (3d Cir.

---

[1] The case was tried before the Honorable Felipe Restrepo, who also resolved all pretrial motions.

1

2021) (interpreting *Davis* to require a categorical approach). Because the Third Circuit had not applied the categorical approach in its examination of Thomas' direct appeal, its holding as to this issue no longer has controlling force. *See United States v. Thomas*, 703 F. App'x 72, 78 (3d Cir. 2017) (stating that the "categorical approach is not necessary" in this case). Petitioner then filed this motion for reconsideration following *Davis*, and I agree that his claim is now appropriate for further collateral review.[2] *See Lazardis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (stating that a motion for reconsideration may be granted based on "an intervening change in controlling law"). I will grant Petitioner's motion for reconsideration, but must again deny his request for relief under § 2255, as the Third Circuit has now held in *Walker* that an attempt to commit a crime of violence qualifies as a crime of violence under the categorical approach.[3]

I. **Discussion**

Section 924(c)(1) provides for enhanced penalties for any person who uses, carries, or possesses a firearm in the course of perpetrating a "crime of violence" or drug trafficking offense. 18 U.S.C. § 924(c)(1). To reiterate, under *Davis*, a "crime of violence" must have "as an element[,] the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); 139 S. Ct. at 2327 (invalidating the "residual clause" at § 924(c)(3)(B)). In determining whether a defendant's predicate conviction operates as "crime of violence," courts must use a formal categorical approach, that looks "only to the fact of conviction and the statutory definition of the prior offense" and "not to the particular facts underlying th[at] conviction." *Taylor v. United States*, 495 U.S. 575, 600 (1990). *See also Walker*, 990 F.3d at 324.

---

[2] I address Petitioner's motion as one for reconsideration under F.R.C.P. 59(e). Petitioner's motion is timely, as he filed within 28 days of the Court's order denying his § 2255 petition.

[3] I deferred consideration of this motion with the expectation that *Walker* would likely be dispositive.

Courts may, however, use a "modified" categorical approach if a "prior conviction is for violating a so-called 'divisible statute.'" *Descamps v. U.S.*, 570 U.S. 254, 257 (2013). A divisible statute is one that lists "potential offense *elements* in the alternative," and thus includes "multiple, alternative versions of the crime." *Id.* at 255, 262. Because these statutes contain alternative offenses, a court cannot always determine, without reviewing more, which portion of the law formed the basis of the defendant's conviction. *Id.* at 262. To resolve this difficulty, courts applying the modified categorical approach may, where necessary, review a limited universe of court records, including the charging document, jury instructions, and jury verdict forms. *See Johnson v. U.S.*, 559 U.S. 133, 144 (2010). But this inquiry serves the sole purpose of determining the precise elements of the underlying conviction. *See Descamps*, 570 U.S. at 257.

Here, Petitioner was convicted of two counts of attempted postal robbery. The statute provides that:

> (a) **Assault.--**A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

Petitioner disputes that his convictions for attempted postal robbery constitute "crimes of violence" within the meaning of § 924(c)(1). As written, § 2114(a) appears to encompass a broad range of conduct, which, in Petitioner's view, does not necessarily include violent offenses. As a threshold matter, I must first determine whether the postal robbery statute, § 2114(a), is divisible, and then analyze whether the crimes of attempt for which Mr. Thomas was

3

convicted qualify under § 924(c)(1).  The Third Circuit has not addressed this question, but other courts of appeals have found that the provision can be divided into at least two parts: "a basic version of the crime in the first clause (before the semicolon) and an aggravated version of the crime with an enhanced maximum penalty in the second clause (after the semicolon)."  *United States v. Bryant*, 949 F.3d 168, 174 (4th Cir. 2020).  *See also United States v. Enoch*, 865 F.3d 575, 580 (7th Cir. 2017); *Knight v. United States*, 936 F.3d 495, 498 (6th Cir. 2019) ("[W]e conclude that the statute sets out a separate aggravated offense").  I find the reasoning of these circuit courts to be persuasive and will analyze the underlying statute accordingly.

Looking to the jury's verdict form, it found Petitioner guilty of the "attempted robbery of a postal employee," *see* ECF No. 105, without reference to the element set forth in the second portion of § 2114(a) that the employee be placed "in jeopardy by the use of a dangerous weapon."[4]  The Governments concedes that, on this basis, the "jury might not have convicted [Petitioner] of the dangerous weapon element, but only of attempted robbery, the least serious of the acts described in the statute."  Resp. Opp'n Mot. Reconsideration 5, ECF No. 169.  But it goes on to argue that § 2114(a) attempted robbery in itself categorically qualifies as a "crime of violence."  *Id.*  If that is correct, for reasons explained below, Mr. Thomas' conviction of attempted robbery would trigger the sentence enhancement set forth in § 924(c)(1).

To assess this claim, I must follow a strictly categorical approach in evaluating whether § 2114(a) attempted robbery has "as an element[,] the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The

---

[4] Charging documents and verdict forms are among the "*Shephard*" documents that a district court may properly consider.  *See Johnson,* 559 U.S. at 144.  Petitioner was indicted for two counts of "knowing and intentionally attempt[ing] to rob a United States Postal Service employee … who had lawful charge, control, and custody of money of the United States, that is, cash and money orders, and put in jeopardy the life of that employee by the use of a dangerous weapon, a firearm, that is a Ruger ACP .45 caliber semi-automatic handgun, serial number 660-80965."  *See* ECF No. 6.  In the second count, the indictment also observed that Thomas "brandished" the handgun.  *Id.*

4

Supreme Court has defined "physical force" to mean "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. *See also United States v. Wilson*, 880 F.3d 80, 83, 85 n.6 (3d Cir. 2017) (applying the *Johnson* definition to "nearly identically" worded "crime of violence" definition under the Sentencing Guidelines, § 4B1.2(a)(1)).

The postal robbery statute notably does not define "robbery," but the Supreme Court has held that this term is defined by reference to the common law. *See Carter v. United States*, 530 U.S. 255, 267 n.5 (2000). And at common law, "an unlawful taking was merely larceny unless the crime involved 'violence,'" defined as the "force necessary to overcome resistance by a victim." *Stokeling v. United States*, 139 S.Ct. 544, 550, 553 (2019). On this basis, the Supreme Court has explicitly held that "the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence" under § 924(c)(3)(A). *Id.* at 551, 553 (noting that "the force necessary to overcome a [robbery] victim's physical resistance is inherently "violent" in the sense contemplated by *Johnson*"). Based on this precedent, I conclude that common law robbery, as incorporated into § 2114(a), necessarily includes the use of physical force as an element. *See, e.g., United States v. Carr*, 946 F.3d 598, 604 (D.C. Cir. 2020) (stating that a "crime of violence call[s] for the amount of force required under the common law definition of robbery"). Postal robbery is, therefore, a "crime of violence" under § 924(c)(3)(A).

Petitioner further argues that the jury was not required to find an element of force in his case, because he was only convicted of *attempted* postal robbery. The Third Circuit in *Walker* recently rejected a similar argument, stating that "[t]he elements clause of § 924(c) describes a crime of violence as including the attempted use of force." 990 F.3d at 326. Because attempted crimes of violence are "categorically crimes of violence themselves," *id.* at 330, Petitioner's argument fails.

Given that Petitioner was convicted of the crime of "attempted robbery of a postal employee," which necessarily requires the attempted use of physical force against the victim as an element, his offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).[5]

## II. Certificate of Appealability

A district court may grant a Certificate of Appealability ("COA") under 28 U.S.C. § 2253(c)(1). *See United States v. Eyer*, 113 F.3d 470, 473 (3d Cir. 1997) ("[W]e hold that the district court had the power to grant a certificate of appealability"). Under 28 U.S.C. § 2253(c)(2), a COA from dismissal of a § 2255 Motion can issue only if the applicant has made "a substantial showing of the denial of a constitutional right; a mere federal right will not do." *U.S. v. Doe*, 810 F.3d 132, 145 (3d Cir. 2015). Once Petitioner has established the constitutional nature of his claim, he must demonstrate that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal punctuation omitted).

In evaluating whether a claim implicates a constitutional right, the Third Circuit has stressed that "this aspect of [a court's] inquiry is satisfied even if the claim is only *debatably* constitutional." *Doe*, 810 F.3d at 145 (emphasis in original). The Court has further concluded that misclassification as a career criminal "debatably" works a constitutional deprivation and serves as a permissible ground on which to issue a COA. *Id.* at 146 (observing that such an error "arguably violates the Due Process Clause by conferring a longer sentence than the law allows"). Furthermore, if Petitioner's predicate conviction does not qualify as a crime of

---

[5] Petitioner also contends that he is entitled to relief under the Ex Post Facto Clause. The Constitution forbids the passage of ex post facto laws, a category that includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *Peugh v. United States*, 569 U.S. 530, 532–533 (2013). Because the laws criminalizing Mr. Thomas' conduct were enacted prior to his commission of his offenses, this is not an instance where Congress has sought to retroactively change a legal definition to inflict a greater punishment. The Ex Post Facto Clause does not apply.

violence under the elements clause, § 924(c)(3)(A), he would have been unlawfully penalized pursuant to the unconstitutionally vague residual clause, § 924(c)(3)(B). *See Davis*, 139 S.Ct. at 2323-2324. On this basis, I am satisfied that Petitioner's case sufficiently implicates a constitutional right.

I further find that Petitioner is entitled to a COA with respect to his argument that *attempted* postal robbery does not categorically constitute a crime of violence. As discussed previously, *United States v. Walker* forecloses Petitioner's claim within this Circuit. 990 F.3d at 328. But the Fourth Circuit has adopted a dissenting view in the context of attempted Hobbs Act robbery, observing that attempted robbery "does not invariably require the use, attempted use, or threatened use of physical force." *United States v. Taylor*, 979 F.3d 203, 208 (4th Cir. 2020) (noting that persons may be convicted of Hobbs Act robbery where they "reconnoitered the banks in question"). Presumably, the Supreme Court may yet address this issue. I will therefore grant a Certificate of Appealability as to this one issue.

### III. Conclusion

For the reasons set forth above, Petitioner's Motion for Reconsideration is granted, but following such renewed consideration, his Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is denied. Petitioner has however made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2) for a certificate of appealability, and a COA will issue. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge