**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION NO. 14-96** |
| | : | |
| **BLAIR THOMAS, JR.** | : | |

**McHugh, J.**                                                                                             **May 18, 2026**

## MEMORANDUM

Following a trial, Mr. Thomas was convicted of the charges that involved the attempted robbery of two postal offices and a bank, with a prior criminal history that included two armed robberies. His initial sentence was 384 months, which in February of 2024 I reduced to 234 months. He has since moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

The principal basis for the motion is family circumstances under Guideline 1B1.13(b), namely, the need to provide care for his elderly grandmother. But the Government is correct that Mr. Thomas' falls short of establishing that he is the only option available. *See United States v. Rooks*, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022); *United States v. Cobb*, 2022 WL 3083034 (E.D. Pa. Aug. 3, 2022).  His argument as to why his mother is limited carries some force, but in the case of his cousin the issue appears to be one of willingness, not inability to lend support.

Separately, Mr. Thomas argues that his rehabilitation is better served by his release, and the chance to make a meaningful contribution to the life of someone other than himself.  He also describes in compelling terms how little incarceration does to equip those held for a successful reentry into the community.  And at his resentencing, he successfully communicated the ways in which he has changed, as evidenced by the substantial reduction in his sentence.

This motion has been pending for a long period of time, because Mr. Thomas' arguments have given me pause.  But the Government is correct that they do not provide a basis for relief under the applicable law.

Separately, the Government makes cogent points about how strongly the § 3553(a) factors weigh against relief, particularly when viewed against the substantial reduction in sentenced already provided to Mr. Thomas.  The three offenses here occurred within two months of his release from prison for having committed two prior armed robberies. They were meticulously planned, involving the use of a mask, and the victims were understandably terrified.

Considering all the above, I am constrained to deny Mr. Thomas' motion.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

2